UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
MADHULINA BANDYOPADHYAY,                                     :
                                                             :
                        Plaintiff,                           :
                                                             :        Case No.:
          - against -                                        :        19-cv-09522 (AKH)
                                                             :
FEDERAL RESERVE BANK OF NEW YORK,                            :
FEDERAL RESERVE BANK OF CHICAGO,                             :
and BILL DIXON                                               :
                        Defendants.                          :
                                                             :
-------------------------------------------------------------X

### [~~PROPOSED~~] STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(c) AND FEDERAL RULE OF EVIDENCE 502(d)

ALVIN K. HELLERSTEIN, United States District Judge:

WHEREAS, all parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d) to protect the confidentiality of nonpublic and/or confidential supervisory information that the parties to this action may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms and to Rule 4 of the Individual Rules of the Honorable Alvin K. Hellerstein (the "Individual Rules"); and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order in this action on the terms set forth herein;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, attorneys, experts, and consultants, all third-parties providing discovery in this action, and all other interested persons with actual or constructive notice of this

Order will adhere to the following terms, upon pain of contempt:

1.      With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

**Designation**

2.      The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential such material that it reasonably and in good faith believes:

(a)      contains or comprises trade secrets or other competitively sensitive business, research, development, or commercial information;

(b)      relates in any way to the regulation or supervision of a bank or bank holding company, in whatever form, whether preliminary or final, including reports of examination or inspection, examiner workpapers, correspondence, communications, memoranda, agreements, orders, or other documents prepared by, on behalf of, or for the use of the Board of Governors of the Federal Reserve System ("Board") or any Federal Reserve Bank or any other federal or state regulatory authority;[1]

(c)      is treated as confidential, non-public, or exempt from disclosure under any applicable statute or regulation, including 12 C.F.R. §§ 261.2(c)(1), 261.14, 261.20–261.23 (together with 2(b) above, the "Federal Reserve

---

[1]      The parties understand and agree that the use of any such regulatory or supervisory information is governed by the regulations of the applicable government agenc[y/ies].

Confidential Information");

(d)     contains personally identifiable information, including but not limited to Social Security numbers; driver's license or other identification numbers; dates of birth; personal financial information such as tax information, bank account numbers, and credit card numbers; and insurance policy numbers;

(e)     information protected from disclosure by Health Insurance Portability and Accountability Act ("HIPAA");

(f)     for any individual other than individuals named as parties to this action, any information of a personal or intimate nature, including but not limited to personnel documents, salaries, compensation, benefits information;

(g)     any other category of information given confidential status by this Court after the date of this Order; or

(h)     any other material that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

3.     To the extent a portion of any Discovery Material other than deposition transcripts and exhibits is Confidential, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; (b) producing for future public use another copy of said Discovery Material with the confidential information redacted; and (c) stating in their answers or responses to discovery requests that the information contained therein is "Confidential."

4.     A Producing Party or its counsel may designate deposition exhibits or

portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.  During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5.      If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing.  Thereafter, upon receipt of such writing, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.  In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation.

6.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.  Documents and information subject to this Protective Order may be offered in evidence at any hearing or trial in this case, upon reasonable prior notice under the circumstances to the Producing Party and subject to terms to be agreed

4

upon or ordered by the Court.

## Privileged Documents and Information

7.      The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, regardless of medium, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding and shall not constitute an estoppel as to any claim of such privilege or protection.  Any receiving party that receives such materials shall, upon learning that such materials are subject to a claim of privilege, promptly return such materials and all copies thereof to the disclosing person.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

8.      Nothing contained herein is intended to or shall serve to limit any Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation or privileged and/or protected information before production.

## Providing and Using Designated Material

9.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

        (a)      the Parties to this action, including current or former officers, directors, and employees of any Party to whom disclosure is reasonably necessary;

        (b)      counsel retained specifically for this action, including any paralegal, clerical, data processing, or other assistant that such counsel employs

and assigns to this matter;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)     any mediator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)     any witness whom counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f)     persons or organizations shown on the face or metadata of a document to have authored or received it, or from whose files the document was produced, and any lawyers for those persons or organizations, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)     stenographers or videographers engaged to transcribe or record depositions the Parties conduct in this action; and

(i)     this Court, including any appellate court, its support personnel, and

court reporters.

10.     Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 9(d), 9(f), 9(g), or 9(h) above, counsel must obtain from such person a signed Non-Disclosure Agreement in the form annexed as Exhibit A.  Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel upon written request either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11.     Pursuant to Rule 4 of the Individual Rules, in filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System and shall move for permission to file the materials under seal contemporaneously.  The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

12.     Any Party who objects to any designation of confidentiality may serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly after their meet and confer, counsel for all affected Parties will address their dispute to this Court within thirty (30) days from the date of the parties' meet and confer.  The document or information that is the subject of the dispute shall be treated as Confidential pending resolution of the dispute.

13.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Party a written notice stating with particularity the grounds of the request.  If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

14.     Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15.     With the exception of Federal Reserve Confidential Information, which is governed by the provisions of 12 C.F.R. §§ 261.2(c)(1), 261.14, and 261.20–.23, nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure.

16.     Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

### Federal Reserve Confidential Information

17.     In addition to the other protections contained herein, which are fully

8

applicable to Federal Reserve Confidential information, all Federal Reserve Confidential

Information shall be separately designated by the Defendants and labeled "Federal

Reserve Confidential Supervisory Information."

18.     Federal Reserve Confidential Information shall only be used to the extent

necessary in connection with this litigation and within the scope of any authorization by

the Board pursuant to 12 C.F.R. § 261.22 or otherwise, and may not be used for any

subsequent litigation or for other purposes without further approval from the Board.

19.     In the event that Federal Reserve Confidential Information is required to be

filed with the court, it shall be filed under seal using only such portions of Federal

Reserve Confidential Information as are necessary to the argument.  The parties shall take

steps to avoid referring to or otherwise disclosing Federal Reserve Confidential

Information in open court, and shall confer among themselves and with the Court as

necessary to put in place procedures to protect the confidentiality of Federal Reserve

Confidential Information should such disclosure become necessary.

20.     Should the Parties be required to refer to or otherwise disclose any Federal

Reserve Confidential Information in open court, the Parties shall provide the Board with

reasonable advance notice in order to provide the Board with an opportunity to object or

otherwise be heard with respect to such disclosure.

### Disposition of Designated Material

21.     Within 60 days of the final disposition of this action—including all

appeals—all recipients of Confidential Discovery Material must either return it—

including all copies thereof—to the Producing Party, or destroy such material—including

all copies thereof.  In either event, by the 60-day deadline, the recipient must certify, upon

the request of the Producing Party, its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

### Jurisdiction

22.     This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

23.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

24.      Once executed by all Parties, this Order shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.

SO STIPULATED AND AGREED.

Dated: April 13, 2020

MADHULINA BANDYOPADHYAY

/s/ Rachel Nicotra
Rachel Nicotra
NICOTRA LAW, PLLC
33 West 19th Street, 4th Floor
New York, NY 10011

*Counsel for Plaintiff*
*Madhulina Bandyopadhyay*

FEDERAL RESERVE BANK
OF CHICAGO

/s/ John A. Snyder
John A. Snyder
Jason Levin
JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, NY 10017
(212) 545-4000

*Counsel for Defendant*
*Federal Reserve Bank of Chicago*

FEDERAL RESERVE BANK
OF NEW YORK

/s/ Daphne Ha
Daphne Ha
Meghann E. Donahue
33 Liberty Street
New York, NY 10045
(212) 720-2140

*Counsel for Defendant*
*Federal Reserve Bank of New York*

BILL DIXON

/s/ Blythe E. Lovinger
Blythe E. Lovinger
Monique E. Chase
VEDDER PRICE P.C.
1633 Broadway, 31st Floor
New York, NY 10019
(212) 407-7770

*Counsel for Defendant Bill Dixon*

SO ORDERED.

/s/ Alvin K. Hellerstein
Alvin K. Hellerstein
United States District Judge
4/15/2020

11

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                  :

MADHULINA BANDYOPADHYAY,       :

                                 :      Index No.:

                Plaintiff,         :      19-cv-09522 (AKH)

                                 :

   - against -                      :

                                 :      **NON-DISCLOSURE**

FEDERAL RESERVE BANK OF NEW YORK,  :      **AGREEMENT**

FEDERAL RESERVE BANK OF CHICAGO,  :

and BILL DIXON                     :

               Defendants.     :

                                 :
----------------------------------------------------------------X

        I, _____, acknowledge that I have been informed

that a Stipulated Confidentiality Agreement and Protective Order Pursuant to Federal Rule of

Civil Procedure 26(c) and Federal Rule of Evidence 502(d) (the ("Protective Order") exists in

this action governing the non-disclosure of Discovery Material that has been designated

Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone

other than for purposes of this litigation.  By acknowledging these obligations, I understand that

I am submitting myself to the jurisdiction of the United States District Court for the Southern

District of New York for the purpose of any issue or dispute arising hereunder and that my

willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.


                                        _____

                                        Name:

                                        Date: